405 F.2d 176
 W. Willard WIRTZ, Secretary of Labor, United States
Department of Labor, Appellant,
v.
LOCAL 153, GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED
STATES AND CANADA, AFL-CIO (GBBA).
 Nos. 15759 and 16048.
 United States Court of Appeals Third Circuit.
 Reargued May 6, 1968.
Decided Dec. 12, 1968.
 
 Robert V. Zener, Dept. of Justice, Civil Division, Appellate Section, Washington, D.C. (John W. Douglas, Asst. Atty. Gen., Gustave Diamond, U.S. Atty., Morton Hollander, Howard J. Kashner, Attys., Dept. of Justice, Washington, D.C., on the brief), for appellant.
 Albert K. Plone, Plone, Tomar, Parks & Seliger, Camden, N.J. (Jubelirer & Savage, Pittsburgh, Pa., on the brief), for appellee.
 Before HASTIE, Chief Judge, and McLAUGHLIN and KALODNER, Circuit judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 This action by the Secretary of Labor seeks to have an election of officers of a local labor union invalidated under section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 482(c), on the ground that the union had unreasonably restricted the eligibility of members for elective office in violation of section 401(e) of the Act, 29 U.S.C. 481(e). The district court decided that a union rule restricting candidacy for office to members who had attended 75 percent of all union meetings over a period of two years was unreasonable and in violation of section 401(e). However, the court denied relief on the ground that the record did not establish the additional uequirement, imposed by section 402(c), that the violation 'may have affected the outcome of an election.'
 
 
 2
 On appeal, this court affirmed the judgment on the ground that the expiration of the terms of the officers said to have been wrongfully elected and the holding of subsequent election had made the controversy moot. 3 Cir., 372 F.2d 86. However, the Supreme Court reversed our holding on mootness and remanded the case to us for decision on the merits. 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705. We now comply with that mandate.
 
 
 3
 In ruling that the record did not adequately show a relation of cause and effect between the restriction on candidacy and the outcome of the election, the district court did not have the guidance now afforded by the Supreme Court in Wirtz v. Hotel, Motel and Club Employees Union, Union Local 6, 391 U.S. 492, 88 S.Ct. 1743, 20 L.Ed.2d 763, decided June 3, 1968. In that case it was decided that proof that an election was held under a rule unreasonably restricting members from being candidates for office in violation of section 401(e) in itself created an inference amounting to a prima facie showing that the wrongful restriction 'may have affected the outcome' of the election. It then became the union's burden to establish that the violation did not in fact affect the outcome of the election.
 
 
 4
 The union made no such showing here. The present record provides no evidentiary support for a conclusion that the violation had no effect upon the challenged election. It does show that 8 elective offices were to be filled and that the rule restricting candidacy made all but 10 of the several hundred members of the union ineligible. Moreover, because none of the 10 eligible members were candidates for 4 of the offices, these offices were subsequently filled by appointments. Certainly, it is not impossible that this result would have been different if candidacy for election had not been so severely restricted.
 
 
 5
 In sum, the ruling of the Hotel Employees case applied to the facts in this case requires the conclusion that the district court erred in ruling that the Secretary had failed to establish that the restriction upon candidacy 'may have affected the outcome' of the election.
 
 
 6
 On reargument after remand from the Supreme Court the union has advanced an alternative arguemnt.[1] It now contends that the district court's refusal to invalidate the election should be sustained on the ground that the rule limiting eligibility for union office to members who had attended at least 75 percent of all union meetings over a two year period was 'reasonable' within the meaning of section 401(e). However, we agree with the reasoning of the district court and with its conclusion that this requirement was not 'reasonable'. W.D.Pa. 244 F.Supp. 745. As the district court pointed out, both the text of the rule and its practical consequences are relevant. Less than three percent of the members of the union qualified for office under the challenged rule by attending 17 or more of the 23 meetings held during the 24 months immediately preceding the election. The stringency of the requirement on its face strongly suggests that the rule is too restrictive for acceptance as 'reasonable,' and its practical effect removes any doubt as to the correctness of that conclusion. The district court's analysis of the considerations relevant to decision on this issue was careful and elaborate and, in our view, correct.
 
 
 7
 The judgment will be reversed.
 
 
 
 [1]
 Presumably the union relies, however tardily, upon the rule that 'a successful party in the District Court may sustain its judgment on any ground that finds support in the record.' Jaffke v. Dunham, 1956, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314