## JAFFKE *v.* DUNHAM, TRUSTEE
## IN BANKRUPTCY.

No. 60.  Argued December 12, 1956.—Decided January 14, 1957.

*Herbert J. Miller, Jr.* argued the cause for petitioner. With him on the brief were *Chauncey P. Carter, Jr.* and *William M. Giffin.*

*G. W. Horsley* argued the cause and filed a brief for respondent.

PER CURIAM.

We granted certiorari in this case to review a judgment of the Court of Appeals for the Seventh Circuit, 229 F. 2d 232, reversing an order of the District Court for the Southern District of Illinois, sitting in bankruptcy, which required respondent as trustee of a bankrupt's estate to pay $27,400 to petitioner. 351 U. S. 949. The District Court's order was based on a finding that, subsequent to

the date of the adjudication of bankruptcy, the bankrupt had obtained money by fraud from the petitioner and had turned over $27,400 of that money to respondent. At the hearing before the District Court, petitioner had sought to introduce into evidence an affidavit in which the bankrupt stated that he had paid $36,000 of the money he had received from petitioner to the respondent. At the conclusion of the hearing, the District Court sustained respondent's motion to strike the affidavit.

On appeal, the Court of Appeals held that petitioner had failed to prove that any specific portion of the money that he had given the bankrupt became a part of the funds in the hands of respondent. Because petitioner had not cross-appealed, the Court of Appeals held that it could not consider the action of the District Court in striking the bankrupt's affidavit from the record.

A successful party in the District Court may sustain its judgment on any ground that finds support in the record. If the District Court was in error in striking an admissible affidavit, a cross-appeal was not a prerequisite for the Court of Appeals to rule on the admissibility of the affidavit, and finding it admissible, to find that it afforded evidence in support of the District Court judgment. *United States* v. *American Railway Express Co.*, 265 U. S. 425, 435–436; *Langnes* v. *Green*, 282 U. S. 531, 538–539. Since the Court of Appeals did not consider the admissibility and weight of the affidavit, we remand to the Court of Appeals for its consideration of those issues.

The claim in this case is that relevant admissible evidence established a constructive trust. Whether it did so or not is a question of Illinois law. The Court of Appeals, in the view it took of the case before it, did not reach this local question. On remand, that question too must be considered by the Court of Appeals.

*Reversed and remanded.*