Stella P. BARUNICA, Appellant,

v.

UNITED HATTERS, CAP AND MILLI-
NERY WORKERS, LOCAL NUM-
BER 55, Appellee.

No. 17237.

United States Court of Appeals
Eighth Circuit.

Aug. 19, 1963.

Garnet W. Taylor, St. Louis, Mo., for appellant.

John M. Schobel, St. Louis, Mo., for appellee, Gruenberg & Schobel, St. Louis, Mo., of counsel, on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

BLACKMUN, Circuit Judge.

This is a damage action by a union member against her union. The defendant's motion to dismiss the complaint was sustained by the district court for the stated reason that "plaintiff failed to exhaust her administrative remedies". The record before us does not contain any memorandum which accompanied the

dismissal order. The plaintiff has appealed.

The complaint states that the action is brought under the bill of rights provisions of the Labor-Management Reporting and Disclosure Procedure Act of 1959, 29 U.S.C.A. §§ 411–531. It alleges that the plaintiff is a member in good standing of the defendant union, is qualified and ablebodied, and is ready and willing to work at her trade; that the defendant has refused to refer plaintiff out on employment since August 1961, has restrained and discriminated against her in seeking employment, and has deprived her of her equal rights and privileges in violation of § 101(a) (1) of the Act, 29 U.S.C.A. § 411(a) (1); that employment in her trade has been available but the union by its actions has "deprived her of earning a living"; and that the defendant acted with malice.

The union's motion to dismiss, supported by affidavits the factual contents of which are not contested here, asserts that the complaint has failed to state a cause of action under § 101(a) (1); that it alleges an unfair labor practice; that jurisdiction as to this rests exclusively in the National Labor Relations Board; that the district court is without jurisdiction; that the plaintiff filed with the Labor Board a charge setting forth the very subject matter of the complaint in this case; that the Regional Director refused to issue a complaint on her charge because of insufficient evidence; that the plaintiff failed to request review by the General Counsel; that § 101(a) (1) governs only the internal conduct of a labor organization; and that the plaintiff has failed to aver that prior to the institution of the suit she exhausted reasonable hearing procedures provided for by the constitution of the defendant and its parent organization.

The 1959 Act, also known as the Landrum-Griffin Act, recites in its policy declarations in § 2(c), 29 U.S.C.A. § 401 (c), that its enactment was "necessary to eliminate or prevent improper practices * * * which distort and defeat the policies of the Labor Management Rela-

tions Act, 1947, as amended * * *." Sections 101–105, 29 U.S.C.A. §§ 411–415 contain what the Act denominates as the bill of rights of members of labor organizations. Section 101(a) provides in paragraph (1) for equality:

"Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws";

in paragraph (2) for rights of assembly and free speech in union affairs; in paragraph (3) for participation in the determination of dues, initiation fees, and assessments; in paragraph (4) for the right, without union limitation, to sue or be a witness, provided

"That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof";

and in paragraph (5) for protection against union disciplinary action, other than for non-payment of dues, without written charges, a reasonable time to prepare one's defense, and a full and fair hearing. Section 102, 29 U.S.C.A. § 412, authorizes a federal court civil action for relief where these rights have been infringed by a violation of that part of the Act.

■ The plaintiff's brief on this appeal seems to confine itself to the exhaustion issue and to assume that a cause of action was adequately alleged and that NLRB jurisdiction over the subject matter of the complaint is not exclusive. Nevertheless, we must examine these questions raised by the defendant, for a district court judgment may be sustained

on any ground which finds support in the record. Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957); Aetna Ins. Co. v. Eisenberg, 294 F.2d 301, 308 (8 Cir., 1961); see Frank v. Commissioner, 321 F.2d 143 (8 Cir., 1963).

■ 1. Section 101(a) (1). This section obviously has reference only to those internal union matters having to do with voting, attendance, and participation at meetings. But the complaint here relates to none of these and asserts no violation of voting, attendance or participation rights. There has been no endeavor to amend the complaint and it stands before us in its original form. We have no alternative than to hold that the facts alleged assert no cause of action with respect to § 101(a) (1) and that the complaint's reference to that section is misplaced and meaningless.

■ 2. National Labor Relations Board jurisdiction. Section 8(b) (2), 29 U.S.C.A. § 158(b) (2), was added to the 1935 National Labor Relations Act by the 1947 Taft-Hartley or Labor Management Relations Act. It includes within its definitions of an unfair labor practice a union's causing an employer to discriminate against an employee, in violation of § 8(a) (3), in regard to hire. With § 101(a) (1) of the 1959 Act cast aside, the complaint here alleges no more than that the defendant union has refused to send the plaintiff out on any employment and has discriminated against her in seeking employment and has thus deprived her of earning a living. This amounts, however, only to a routine allegation of an unfair labor practice and a violation of § 8(b) (2). It presents a controversy clearly within the jurisdiction of the Labor Board. And it is the kind of controversy with respect to which it has been historically held that the Board has exclusive jurisdiction to afford primary relief. Adams v. International Bhd. of Boilermakers, 262 F.2d 835, 838–839 (10 Cir., 1959); Portland Web Pressmen's Union v. Oregonian Publishing Co., 286 F.2d 4, 10 (9 Cir., 1960), cert. denied 366 U.S. 912, 81 S.Ct.

1086, 6 L.Ed.2d 237; Beauchamp v. Weeks, 48 LRRM 3048 (S.D.Cal.1961). Even where an activity is only "arguably subject to" § 8, "the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board * * *." San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959). See, also, Local 100 v. Borden, 373 U.S. 690, 693, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963), and Local No. 207 v. Perko, 373 U.S. 701, 706, 83 S.Ct. 1429, 10 L.Ed.2d 646 (1963).

■ Plaintiff's avenue of relief therefore was through the NLRB. In fact, she started to seek her remedy there by the filing of her charge but, upon the Acting Regional Director's declining to issue a complaint, chose not to pursue the matter further by appeal to the General Counsel as provided by § 3(d) of the 1935 Act, as amended, 29 U.S.C.A. § 153 (d), and by § 102.19 of the applicable Regulations, 29 U.S.C.A.App. § 102.19. This was an abandonment of the administrative remedy then available to her. This inaction served to create no alternative district court jurisdiction in a matter so exclusively placed by Congress in the Board. Her brief's mere assertion to us now that there was "no reason to believe the General Counsel would do anything but affirm the Acting Regional Director's findings" has no significance and accomplishes nothing. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 47, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Smith v. General Truck Drivers, 181 F.Supp. 14, 18–19 (S.D.Cal.1960); Mallory Coal Co. v. National Bituminous Coal Comm'n, 69 App.D.C. 166, 99 F.2d 399, 407 (1938).

There are, of course, areas where NLRB jurisdiction, although existent, is not exclusive. Statutory provision is even made for the Board in its discretion to decline jurisdiction over a class of employers. Section 701(a) of the 1959 Act, 29 U.S.C.A. § 164(c) (1). The allegations of this complaint, however, do not place this case in any exceptional category. Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9

L.Ed.2d 246 (1962), cited by the plaintiff, lends no support to her position. The present case is not a damage action brought by the plaintiff against her employer for breach of a collective bargaining agreement, as was the situation in Smith where the court held that § 301 (a) of the 1947 Act, 29 U.S.C.A. § 185 (a), concerning contract violations, authorized court relief even though the employer's conduct was also an unfair labor practice subject to NLRB jurisdiction. This case bears no resemblance to Smith and § 301(a) has no relevance here. Neither does it concern internal union matters of the kind within the reach of International Ass'n of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1948), as that decision is now explained in 1963 by Local 100 v. Borden and Local No. 207 v. Perko, both supra, or requiring the initial exhaustion of hearing procedures within a union's organizational structure as called for by § 101(a) (4) of the 1959 Act, 29 U.S.C.A. § 411(a) (4), and as exemplified by Sheridan v. United Bhd. of Carpenters, 191 F.Supp. 347, 353 (D.Del. 1961), pressed upon us by the plaintiff.

We recognize that the 1959 Act became law a few months after the decision in Garmon. Nevertheless, we hold that the policy which was stressed by the Supreme Court in that case applies with equal force to a situation such as the one presented on this complaint where the application of the 1959 Act is problematical at best. Rekant v. Shochtay-Gasos Union, 205 F.Supp. 284, 291–292 (E.D.Pa. 1962). The facts alleged here are not akin to those in Detroy v. American Guild of Variety Artists, 286 F.2d 75, 78–81 (2 Cir., 1961), cert. denied 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388, where violation of federal law was regarded as clear and injury immediate and otherwise difficult to compensate. The plaintiff's argument would have us do violence to the policy underlying Garmon and other preemption cases. Such an approach is not indicated on the facts alleged in this complaint.

3. Section 101(a) (5). This section may deserve a passing comment. In oral argument it was at least mildly intimated that the complaint, with its references to restraint and discrimination, was sufficient to constitute an allegation of union disciplinary action of the kind contemplated by paragraph (5) and thus to authorize suit under § 102. We are not so persuaded. We search this complaint in vain for any sufficient allegation of the denial of the statutory due process required by § 101(a) (5). It relates instead only to discrimination in regard to hire. This, as has been pointed out, is subject matter exclusively vested in the Board. See Rekant v. Shochtay-Gasos Union, supra, pp. 291–292 of 205 F.Supp.

The district court's dismissal of the complaint was proper. It is

Affirmed.