Melba A. RAVEN, Plaintiff-Appellant,

v.

PANAMA CANAL COMPANY/Canal
Zone Government,
Defendants-Appellees.

No. 78–1656
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1978.

Jack B. Hood, Balboa, Canal Zone, for plaintiff-appellant.

Frank J. Violanti, U. S. Atty., Balboa, Canal Zone, Paul F. Figley, Dept. of Jus-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tice, Leonard Schaitman, Appellate Sec., Civ. Div., Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., for Canal Zone Government.

Before RONEY, GEE and FAY, Circuit Judges.

FAY, Circuit Judge:

This is an appeal from the granting of defendant's motion for summary judgment. The issues presented involve the interpretation of the Privacy Act of 1974, 5 U.S.C. § 552a and the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Specifically, we consider whether a Panamanian citizen is entitled to rights under the Privacy Act and whether an *in camera* proceeding is necessary to determine if the foreign policy/national defense exemption of the FOIA, 5 U.S.C. § 552(b)(1)(A) has been properly invoked.

Plaintiff, a Panamanian citizen employed by the Panama Canal Company, requested pursuant to the FOIA and/or Privacy Act, disclosure of documents relating to her transfer within the Panama Information Office. In response to plaintiff's request, the Company-Government Committee on Classified Information was convened to examine two documents to determine whether those documents were properly classified pursuant to Executive Order 11652, relating to national security. The Committee determined that the documents were properly classified and that there were no segregable portions which could be released. Plaintiff appealed this decision, whereupon the Committee met again to consider plaintiff's administrative appeal. The Committee confirmed that the documents were properly classified and that no portions could be segregated and released. After notification of the final agency decision denying her request, the plaintiff filed suit in Federal District Court seeking disclosure.

At a hearing in the district court, counsel for both sides agreed that there was no dispute as to any material facts and that the issue could be decided as a matter of law. Thus, summary judgment was the proper vehicle for the disposition of this case. *See Southern Distributing Co., Inc. v. Southdown Inc.,* 574 F.2d 824, 826 (5th Cir. 1978). The district court granted defendant's motion for summary judgment on the grounds that (1) plaintiff, a Panamanian citizen, is not an "individual" (*i. e.,* "a citizen of the United States or an alien lawfully admitted for permanent residence" 5 U.S.C. § 552a(a)(2)) within the meaning of the Privacy Act and therefore is not entitled to compel access under its authority; and (2) the two documents were properly classified pursuant to Executive Order 11652 and therefore exempt from disclosure under the FOIA. We affirm.

■ Although plaintiff claims that she should be entitled to the protection of the Privacy Act, the statutory language is to the contrary. The Privacy Act permits an "individual" to gain access to agency records containing information pertaining to him (5 U.S.C. § 552a(d)(1)), and those "individuals" denied access to certain official records are accorded the right to bring a civil action to compel disclosure. 5 U.S.C. § 552a(g)(1). However, the statute defines "individual" to be "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C. § 552a(a)(2). Since the plain and unambiguous meaning should be given effect to words of a statute, *Caruth v. United States,* 566 F.2d 901 (5th Cir. 1978); *United States v. Second National Bank of North Miami,* 502 F.2d 535 (5th Cir. 1974), *cert. denied* 421 U.S. 912, 95 S.Ct. 1567, 47 L.Ed.2d 777 (1975), and since the plaintiff is a Panamanian citizen and thus not an "individual" within the meaning of the Privacy Act, she is not entitled to compel access under its authority.

■ Furthermore, this Court has expressly commented on the use of the word "individual" in the Privacy Act, as opposed to the word "person," as more broadly used in the FOIA. In *Stone v. Export-Import Bank of United States,* 552 F.2d 132 (5th

Cir. 1977), noting that the term "individual" was to apply only to United States citizens and resident aliens, this Court referred to the Senate Report, which reflects the congressional intent to exclude nonresident aliens from Privacy Act coverage:

> [t]his definition was also included to exempt [from] the coverage of the bill intelligence files and data bands devoted solely to foreign nationals or maintained by the State Department, the Central Intelligence Agency and other agencies for the purpose of dealing with nonresident aliens and people in other countries.

*Id.* at 137 n. 7; S.Rep.No.1183, 93d Cong., 2d Sess. 79 (1974), U.S.Code Cong. & Admin.News 1974, pp. 6916, 6993. We stated in *Stone* that by its use of a narrow definition of the word "individual," Congress displayed its intention to exclude foreign national and nonresident aliens from the Privacy Act. *Id.* at 136–37. Since acts of Congress should be fairly read to effectuate congressional intent, *Lawyer's Realty Corp. v. Peninsular Title Insurance Co.*, 428 F.Supp. 1288 (E.D.La.), *aff'd*, 550 F.2d 1035 (5th Cir. 1977), it would be error for this Court to allow plaintiff, a Panamanian citizen, to assert a claim under the Privacy Act.

Plaintiff also argues that the Equal Protection Clause of the United States Constitution requires extension of all Privacy Act rights to Panamanian employees of the Canal Zone Government. We cannot accept the plaintiff's argument. The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. A legitimate distinction exists between citizens and aliens to warrant different treatment. *Mathews v. Diaz*, 426 U.S. 67, 78–79, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).[1]

Even if plaintiff were considered to be within the intended scope of the Privacy Act's protection, that fact alone would not compel reversal of the district court's granting of defendant's motion for summary judgment. As we know, "[a] successful party in the district court may sustain its judgment on any ground that finds support in the record." *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957). A finding that the documents in question were properly subject to the foreign policy/national defense exemption (exemption one) under the FOIA would sustain the district court's order.

The first exemption to the FOIA provides that the disclosure provisions of that Act do not apply to matters that are:

> (A) Specifically authorized under criteria established by an Executive Order to be kept secret in the interests of national defense or foreign policy and
>
> (B) are in fact properly classified pursuant to such Executive Order.

5 U.S.C. § 552(b)(1).

Our Circuit has not yet ruled expressly on exemption one of the FOIA as it applies to these facts. We are impressed, however, with the holdings of several other Circuits. *See, e. g., DiViaio v. Kelley,* 571 F.2d 538 (10th Cir. 1978); *Maroscia v. Levi,* 569 F.2d 1000 (7th Cir. 1977); *Weissman v. C.I.A.,* 184 U.S.App.D.C. 117, 565 F.2d 692 (1977); *Bell v. United States,* 563 F.2d 484 (1st Cir. 1977). *Weissman,* a widely followed case, stated that the standard for determining whether a document is properly classified and protected by exemption one is whether the proper classification procedures have been followed and if "by its sufficient description the contested document logically falls into the category of the exemption indicated." *Id.* 184 U.S.App.D.C. at 122, 565 F.2d at 697. The plaintiff in the instant case has not challenged the procedural classification of these documents, and the

---

1. In addition, plaintiff argues that Item 1 of the Memorandum of Understandings reached under the Treaty of Mutual Understandings and Cooperation signed in January, 1955 (treaty between the United States and Panama) somehow modifies the clear language of the Privacy Act. This document refers to equality of opportunity for employment in positions in the Canal Zone. We discern no legislative intent to so qualify the clear definitions within the Privacy Act and certainly Congress was aware of this treaty and others like it.

record suggests that the documents have been properly classified pursuant to Executive Order 11652.

According to Executive Order 11652 section 1(C), the threshold test for classifying information is "whether its unauthorized disclosure could reasonably be expected to cause damage to the national security." Uncontested affidavits of the government officials responsible for intelligence and security matters in the Panama Canal Zone demonstrate that the documents at issue logically fall into the categories of information which are protected by Executive Order 11652. Indeed, it is indicated that the documents contain information pertaining to intelligence sources and methods, the unauthorized release of any intelligible excerpt from which, at a minimum, could reasonably be expected to cause damage to the national security.

Plaintiff has not specifically challenged the classification of the documents on the ground that the documents do not logically fall into categories subject to classification. Rather, plaintiff argues that the district court committed reversible error in failing to conduct an *in camera* examination of the documents. We do not agree. An *in camera* inspection of questioned documents is not a mandatory requirement of the FOIA. On the contrary, as propounded by the court in *Weissman*, "it is clear from the legislative history that this section merely 'permit[s] such *in camera* inspection at the discretion of the Court.'" 184 U.S.App. D.C. at 121, 565 F.2d at 696. Further, the *Weissman* Court noted the Congressional suggestion that before the Court orders an *in camera* inspection, "the Government should be given the opportunity to establish by means of testimony or detailed affidavits that the documents are clearly exempt from disclosure." *Id.* 184 U.S.App.D.C. at 122, 565 F.2d at 697. We agree with this approach. In the instant case, the government has provided such affidavits, and the district court determined that "[t]hese un-

contradicted affidavits establish that the documents sought by plaintiff have been properly classified pursuant to Executive Order." Such reliance here was proper. Indeed, "further inquiry would, it seems, require the court to do nothing more than substitute its judgment of the risk to national security for that of the agency. This, certainly, is not what the *in camera* review amendment was intended to accomplish." *Bell v. United States,* 563 F.2d at 487. In the instant case no *in camera* examination was obligatory since the uncontested affidavits established that the documents in question were properly classified pursuant to Executive Order 11652 and thus were properly exempted from disclosure under the FOIA, 5 U.S.C. § 552(b)(1).

On the basis of the record before it, the district court did not err in granting summary judgment in favor of the defendants. The decision is AFFIRMED.