935 F.2d 281
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
METTLER INSTRUMENTE AG, Plaintiff-Appellant,
v.
ARBOR LABORATORIES, INC., and D. James Guzy, Defendants-Appellees.
 No. 90-1508.
 United States Court of Appeals, Federal Circuit.
 May 29, 1991.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Mettler Instrumente AG appeals the judgment of the United States District Court for the Northern District of California holding claims 1, 2, 6, 7, 8, and 10 of its U.S. Patent No. 4,149,605 invalid for obviousness under 35 U.S.C. Sec. 103 (1988) and granting judgment for defendants in this infringement action. Mettler Instrumente AG v. Arbor Laboratories, Inc., No. C-84-20647 (N.D.Cal. July 13, 1990). We affirm.
 
 DISCUSSION
 
 2
 Mettler argues that the trial judge analyzed obviousness using "hindsight" rather than considering whether the invention would have been obvious to a person of ordinary skill in the art at the time the invention was made. Mettler also argues that the only reference that the court explicitly relied on for the conclusion of obviousness was Cahn (from 1963), and that the court incorrectly found that the reference teaches more than it really does.
 
 
 3
 As Mettler points out, certain isolated remarks in the opinion could be read as implying that the trial judge engaged in a forbidden hindsight method of analysis and that he considered only the Cahn reference in invalidating the '605 patent. Mettler apparently forgets that only "judgments, not words, are appealable," Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co., 895 F.2d 1403, 1406, 13 USPQ2d 1871, 1874 (Fed.Cir.1990), and that "this court reviews judgments, not phrases in opinions." FMC Corp. v. Hennessy Industries, Inc., 836 F.2d 521, 524, 5 USPQ2d 1272, 1274 (Fed.Cir.1987). In short, we do not sit as a court of school teachers to grade the opinions of trial judges, and the fact that some less than perfectly precise language may have been used does not, ipso facto, require a reversal of the judgment. We must rather consider the opinion of the trial judge as a whole and in the context of the record in deciding whether the judgment must be affirmed. Moreover, we can imply any factfinding which, though not explicitly stated, was necessary to the court's judgment. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 872-73, 228 USPQ 90, 97-98 (Fed.Cir.1985) (quoting ACS Hospital Sys. v. Montefiore Hospital, 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984)).
 
 
 4
 Applying these principles to the present case, it is clear from the context of the court's statements about obviousness and the Cahn reference, as well as the opinion taken as a whole, that the court considered the state of the weighing art in 1977, the year of Mettler's invention, and found, at least implicitly, that a person of ordinary skill in that art would have been aware of the technology disclosed in Cahn and the dozen other references cited in the opinion, would have learned from them all the features of the claimed device, and would have seen the feasibility and desirability of combining and automating those features. These findings have not been shown to be clearly erroneous. We are similarly convinced that the court evaluated obviousness from the standpoint of whether the combination of prior art features that Mettler patented would have been obvious to a person of ordinary skill in the art at the time the invention was made. The court then concluded that the invention of the '605 patent would have been obvious. Mettler has not shown reversible error in these findings or the conclusion drawn from them.
 
 
 5
 Furthermore, regardless of whether we are correct in supposing that the trial judge relied on other cited art in addition to the Cahn reference, we may do so to uphold the judgment: We may rely on any grounds adequately documented in the record to support a judgment, even ones which the trial court did not rely on. See Jaffke v. Dunham, 352 U.S. 280, 281 (1957); Richardson v. Suzuki Motor Co. Ltd., 868 F.2d 1226, 1246, 9 USPQ2d 1913, 1929 (Fed.Cir.1989). In this case we may affirm the judgment on the grounds that whatever the trial court's precise findings concerning prior art and whether or not some may be clearly erroneous, the prior art of record adequately supports the court's conclusion that the invention would have been obvious.
 
 
 6
 Mettler also argues that the trial judge's finding No. 49, that the Cahn device has a "taring capability," is clearly erroneous because using the zero suppression control of the Cahn device as a taring device results in an unacceptable degree of error. Reply Brief for Appellant at 3. We disagree. The fact that the taring is not perfect does not mean that no taring capability exists. In any event, even if the finding were clearly erroneous, it would at most be harmless error. The ruling of obviousness does not depend on the Cahn reference alone, but rather on Cahn and the state of the art taken as a whole. It is undisputed that taring was not invented by Cahn, but rather was widely known in the art for a considerable period of time prior to Cahn. Whether it is "disclosed" by Cahn or not is thus irrelevant to the ultimate issue of obviousness.
 
 
 7
 We have considered all of Mettler's arguments and see them as unpersuasive of reversible error.