[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

No. 04-16076
Non-Argument Calendar

_____

D.C. Docket No. 02-21091-CV-AJ

THERESA BRYANT,

Plaintiff-Appellant,

versus

SCHOOL BOARD OF MIAMI DADE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Theresa Bryant appeals the grant of summary judgment against her on her

claims of sex harassment[1] and hostile work environment, brought pursuant to 42 U.S.C. § 2000e-2. On appeal, proceeding pro se, Bryant argues that she "established that, because she is female, she was a victim of unwelcome sexual harassment and retaliatory behavior." She contends that evidence made clear that the willingness of her supervisor, Frederick Jones, to include her in a job reclassification, after initially excluding her, "coincides with her being non-argumentative" about his harassment. Bryant concedes that Jones may have lacked formal authority to give a reclassification, but contends that he had significant influence on those who did.

We "review the district court's order granting summary judgment de novo." Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[1] Bryant used the term "quid pro quo." Like a lot of other courts, we formerly used the term "quid pro quo" to describe situations where a benefit of employment was tied to a demand for sexual favors. Because the Supreme Court instructed us that term should no longer be used in the analysis of whether an employer is liable under Title VII, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753- 54, 118 S.Ct. 2257, 2265 (1998), we have used the preferred term "tangible employment action" to refer to harassment that culminates in a discharge, demotion, or undesirable reassignment. See Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). We do so in this opinion, as well.

law." See id.

To establish a prima facie tangible employment action, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment; and (5) that there is a basis for holding the employer liable. Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1199 (11th Cir. 2001). A plaintiff must also show that she suffered some tangible employment action as a result, which was defined by the Supreme Court as "a significant hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753-54, 118 S.Ct. 2257, 2265 (1998).

The evidence is uncontroverted that Bryant suffered no job detriment, and no job benefit was withheld from her, as the result of her rejecting Jones's sexual harassment. The Board presented evidence that employees and/or supervisors could request a job reclassification, the only negative tangible employment consequence Bryant claimed she was denied. Therefore, Bryant did not have to wait for Jones to request one for her. Furthermore, the supervisor's recommendation is not necessary, and Bryant herself testified that she was told by

3

a person in Wage and Salary that she did not have to wait for Jones to act. Finally, the director of Compensation Administration testified that she would not have recommended reclassification because Bryant had not been in her position long enough and because Bryant had received a promotional increase when she started in her department (where she had been only one and a half years when she complained of harassment). In other words, Bryant was not deemed eligible for a reclassification. Accordingly, the district court did not err in granting summary judgment to the School Board of Miami Dade County (the "Board") on Bryant's tangible employment action harassment claim.

Turning to her hostile work environment claim, Bryant argues that Jones's conduct was both objectively and subjectively offensive, which is supported by the Board's reprimand of him. Bryant argues that the record indicates that Jones's behavior was subjectively offensive to her. She contends that Jones's sexually inappropriate behavior towards other women in the office is indicative that his conduct was pervasive. Bryant argues that the Board failed to prevent and promptly correct Jones's behavior, since she filed her complaint in July of 2001 and Jones was not reprimanded until January of 2002. Bryant contends that though Jones was supposedly stripped of his supervisory authority, he still exercised "authoritative influence" over her. Bryant argues that her work

4

performance was affected in that she sought psychiatric treatment.

Without addressing the merits of Bryant's hostile work environment case, we look instead at the Board's affirmative defense to that claim.[2] In two cases decided the same day, Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998), the Supreme Court established an affirmative defense for an employer for an actionable hostile work environment created by a supervisor, which may be raised if no tangible employment action has been taken. See Faragher, 524 U.S. at 807, 141 S.Ct. at 2292-93. If an employee has established a hostile-environment sexual-harassment claim but no tangible employment action was taken, an employer "may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence." Ellerth, 524 U.S. at 765, 118 S.Ct. at 2270. To establish the affirmative defense, the Board must show that (1) it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (2) that Bryant "unreasonably failed to take advantage of any preventive or corrective opportunities provided by [the Board] or to avoid harm otherwise." Faragher, 524 U.S. at 807, 118 S.Ct. at 2293; see Ellerth, 524

---

[2] We may affirm the district court's judgment on any grounds supported in the record. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (citing Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 308 (1957)).

U.S. at 765, 118 S.Ct. at 2270 (same). "Both elements must be satisfied for the defendant-employer to avoid liability, and the defendant bears the burden of proof on both elements." Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1313 (11th Cir. 2001) (citations omitted). Further, the first element of the affirmative defense has two prongs: (1) reasonable care to prevent sexual harassment and (2) reasonable care to correct sexual harassment. Id. at 1314.

Looking at the facts, we conclude that the Board is entitled to this defense. The Board posted its sexual harassment policy quite extensively, going so far as to even write it on the back of employee pay stubs. Immediately after Bryant complained, the Board began an investigation and advised Jones against taking any retaliatory action against Bryant. During the course of the investigation, the Board offered Bryant the opportunity to move to another department, which she declined. After the investigation, it reprimanded Jones, stripped him of his supervisory authority, and moved him from his private office to a cubicle. The Board gave Jones specific instructions to cease his inappropriate behavior and he was given sexual harassment training.[3] Bryant failed to use the Board's procedures for one and a half years; once she did, the harassment stopped. The

---

[3] Although Bryant argues that this was insufficient, the Board is only required to provide a solution that stopped the harassment. Bryant testified in deposition that the harassment stopped when the investigation began.

6

Board cannot be held liable for under Title VII in such circumstances.

Upon review of the pleadings and upon consideration of the briefs of the parties, we find no reversible error. We conclude that the district court properly granted summary judgment to the Board.

**AFFIRMED.**[4]

---

[4] Bryant's request for oral argument is denied.