[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12024
Non-Argument Calendar

_____

D. C. Docket No. 04-02452-CV-T-26-TGW

MATTHEW T. BARNHART,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 3, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Matthew Barnhart appeals the summary judgment against his complaint of

discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12117(a). Barnhart, who is unable to hear without the use of a hearing aid, filed a complaint against his employer, Wal-Mart Stores, Inc., and alleged that Wal-Mart had discriminated against him on the basis of his disability when Wal-Mart refused to transfer Barnhart to the position of Loss Prevention Associate. Because the district court correctly concluded that Barnhart cannot perform an essential function of the Loss Prevention Associate position and that he did not suffer an adverse employment action, we affirm.

We review a grant of summary judgment de novo. Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We may affirm the district court on any ground that appears in the record. Jaffke v. Dunham, 352 U.S. 380, 381, 77 S. Ct. 307, 308 (1957).

The district court erroneously considered Barnhart's claim under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973), but that framework typically applies to claims under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Barnhart brought his complaint under the ADA. Despite its error, the district court, in its use of the McDonnell Douglas framework, still properly considered elements of the framework used for resolving ADA claims.

"[T]o establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate 'that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability.'" D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005) (quoting Reed v. The Heil Co., 206 F.3d 1055, 1061 (11th Cir.2000)). "If the individual is unable to perform an essential function of his ··· job, even with an accommodation, he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA." Id. at 1229 (internal quotation mark omitted). To establish unlawful discrimination based on the disability, an employee must present evidence of an adverse employment action. Doe v. Dekalb County School Dist., 145 F.3d 1441, 1445 (11th Cir. 1998).

Wal-Mart does not dispute that Barnhart is an individual with a disability, in that he is permanently substantially limited in his ability to hear as compared to

3

members of the general population.  Wal-Mart argues that, because of his disability, Barnhart is unable to perform an essential function of the Loss Prevention Association position:  to hear and communicate instantaneously with other Loss Prevention Associates throughout the store.  To perform this function, Loss Prevention Associates use walkie-talkies and an intercom system.   Barnhart argues that the ability to hear is not essential because he can communicate instantaneously with the use of a T-Mobile Sidekick, a two-way pager.

An essential function of a position is a fundamental duty of the "employment position the individual with a disability holds or desires," and "does not include the marginal functions of the position."  29 C.F.R. § 1630.2(n)(1).  Evidence of whether a particular function is essential can include the employer's judgment, the written job descriptions, and the consequences of not requiring the individual to perform the function.  Id.  A reasonable accommodation includes "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position."  29 C.F.R. § 1630.2(o)(1)(ii).

We agree with the district court that Barnhart's claim fails because he is unable to perform the essential functions of the employment position that he seeks.

4

The primary purpose of the Loss Prevention Associate is to identify and apprehend shoplifters. To apprehend a shoplifter, Wal-Mart requires an associate to maintain constant and consistent visual contact with the suspected shoplifter to observe the shoplifter through the stages of removing an item from the shelf, concealing the item, and leaving the store with the item without paying. The Loss Prevention Associate must be able to communicate with other Wal-Mart personnel while performing these observations. The use of walkie-talkies and the intercom system allows instantaneous communication between associates, management, and law enforcement. Because of his hearing impairment, Barnhart cannot perform this function of the Loss Prevention Association position.

Barnhart argues that instantaneous communication is only necessary for emergencies and that he can perform the function of instantaneous communication with the reasonable accommodation of the use of a Sidekick. This argument fails. First, the evidence does not support the conclusion that instantaneous communication is necessary only for emergencies. Second, although a Sidekick would allow communication between an associate and other associates or management, the use of the Sidekick would require the Loss Prevention Associate to break his constant observation of the suspect. To send and receive messages on the Sidekick, an individual must divert his attention to the screen of the Sidekick to

5

type or read a message. Because it would not permit Barnhart to perform an essential function of the position, the Sidekick is not a reasonable accommodation.

The district court also correctly concluded that the denial of a lateral transfer to the Loss Prevention Associate position was not an adverse employment action. Whether an employment action is adverse is determined based on an objective standard. Dekalb County, 145 F.3d at 1448-49. A lateral transfer that does not result in "lesser pay, responsibilities, or prestige" is not adverse. Id. Likewise, the refusal to give an employee such a transfer cannot be an adverse employment action.

Because Barnhart is not a qualified individual under the ADA and because he has not suffered an adverse employment action, the summary judgment against Barnhart's complaint is

**AFFIRMED.**