[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2009
THOMAS K. KAHN
CLERK

No. 08-10202
Non-Argument Calendar

_____

D. C. Docket No. 93-00107-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WHISBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Whisby, a federal prisoner proceeding pro se, appeals the denial of his Fed.R.Civ.P. 60(b)(3) motion challenging his sentence. In 1994, Whisby was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in the commission of a felony, in violation of 18 U.S.C. § 924(c), for which the district court imposed life imprisonment and five years' consecutive imprisonment, respectively. In 2007, Whisby filed a motion under Fed.R.Civ.P. 60(b)(3), arguing that the magistrate judge and the government perpetrated fraud upon the court by misinforming him at arraignment that he faced a mandatory life sentence when, because no drug quantity was charged in the indictment, he faced only a twenty-year (or enhanced thirty-year) term of imprisonment under 21 U.S.C. § 841(b)(1)(C).

Although the district court did not specify the basis for its denial of the Rule 60(b)(3) motion, Whisby argues on appeal that the district court denied his motion based on its erroneous conclusion that the motion was a second or successive habeas corpus petition. Whisby contends that: (1) the district court had the duty to address and resolve on the merits his claim of fraud on the court, which corrupted the integrity of the proceedings; and (2) the district court wrongly refused to resolve his claim that the sentencing court exceeded its jurisdiction by erroneously sentencing him to a life sentence even though the statutory maximum under the

2

indictment was twenty years (plus a ten-year enhancement).

Upon review of the record, we affirm the district court's denial of Whisby's Rule 60(b)(3) motion, because we find that the district court lacked jurisdiction to consider it.[1] The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." Fed.R.Civ.P. 1. Rule 60(b)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. However, we have held that Rule 60(b) does not provide for relief from a judgment in a criminal case. See U.S. v. Fair, 326 F.3d 1317 (11th Cir. 2003) (holding that Rule 60(b) is not available to an individual challenging his sentence pursuant to 18 U.S.C. § 3582(c)(2) because § 3582(c)(2) is a criminal provision governing the imposition and modification of criminal sentences); see also U.S. v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, because Whisby's Rule 60(b)(3) motion challenges the sentence imposed in his original criminal proceedings, the district court did not have jurisdiction to consider it.[2]

---

[1] It is well settled that we may affirm a district court's ruling on any ground that finds support in the record. Jaffke v. Dunham, 352 U.S. 280, 281 (1957). Our review of issues regarding subject-matter jurisdiction is de novo. United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006).

[2] We agree with the government that the thrust of Whisby's argument is that his sentence was jurisdictionally infirm because it was based on facts not alleged in the indictment and thus violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Although this is an issue properly addressed on direct appeal or in a collateral attack on his sentence, we note briefly that Whisby's

3

**AFFIRMED.**

---

argument, even if properly presented in a habeas petition, would fail as a matter of law. This Court has expressly held that <u>Apprendi</u> does not present a jurisdictional question and does not apply retroactively to convictions, like Whisby's, that became final before the decision was announced. <u>McCoy v. U.S.</u>, 266 F.3d 1245 (11th Cir. 2001) (affirming denial of habeas where petitioner argued that government failed to specify drug quantity under 21 U.S.C. § 841 in its indictment and therefore his conviction violated <u>Apprendi</u>). Moreover, the evidence at trial established the requisite amount of cocaine to support a life sentence under § 841. Finally, Whisby's reliance on <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529-32 (2005), is misplaced because, among other things, that case involved a challenge to a habeas judgment, in which Rule 60(b) might be applicable.