NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I agree with the ruling that the district court correctly construed the claim terms *1133 “electrode base” and “inside surface,” and I agree with the resultant affirmance of the district court’s judgment of non-infringement of the '014 patent as to Radio Systems’ accused GS-011, FieldPro, and SD-1825 models. As to the UltraSmart collar, the only issue decided by the panel majority is whether equitable estoppel applies; the district court did not decide infringement as to this model. I agree that equitable estoppel arose on the five years of silence after Bumper Boy’s accusation of infringement of the '014 patent in February 2005. However, I would also apply estoppel to the '082 patent. And, unlike the panel majority, I would reach the issue of validity, which was decided by the district court and asserted by Radio Systems as an alternative ground for affirming the judgment in its favor.
I
I would affirm the district court’s ruling that estoppel applies not only to the '014 patent but also to the continuation-in-part '082 patent. The subject matter of the '082 claims in suit is disclosed and described in the '014 patent, and these claims do not draw on any new matter. The new matter added in the '082 patent relates to a stretchable insert in the collar, a feature absent from all of the '082 claims in suit. The force of equitable estoppel cannot be escaped by including previously disclosed but unclaimed subject matter in a continuation-in-part patent.
The district court did not abuse its discretion in finding that equitable estoppel applies to the '082 as well as the '014 patent. From my colleagues’ contrary ruling, I respectfully dissent.
II
The panel majority does not reach the district court’s holding that the two patents in suit are valid, holding that validity was not appealed. Radio Systems argues invalidity as an alternative ground of affirmance of the district court’s judgment of no liability. The panel majority rules that invalidity cannot be reviewed on this appeal, although it was decided by the district court. Radio Systems fully briefed invalidity on appeal. Bumper Boy had an opportunity to respond, but chose not to discuss validity.
Radio Systems prevailed in the district court; the court entered judgment “in favor of plaintiffs [Radio Systems] and against defendants [Bumper Boy].” Radio Sys. Corp. v. Lalor, No. 10-cv-0828 (W.D.Wash. Jan. 26, 2012), ECF No. Ill (“Judgment”). Thus Radio Systems was not required to file a cross-appeal, for as prevailing party it had no right of appeal. See Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822 n. 1 (Fed.Cir.1989) (filing of “ ‘cross-appeal’ for the ‘sole purpose of preserving [the] right to offer arguments in support of the judgment’ is improper.”).
My colleagues hold that because no cross-appeal was filed, invalidity cannot be raised by Radio Systems in defense of the judgment in its favor. That is incorrect. The prevailing party need not file a cross-appeal in order to defend a judgment in its favor on any ground that is supported by the record. Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957) (“A successful party in the District Court may sustain its judgment on any ground that finds support in the record.”); Glaxo Group Ltd. v. TorPharm, Inc., 153 F.3d 1366, 1371 (Fed.Cir.1998) (“[A]n appellate court may affirm a judgment of a district court on any ground the law and the record will support so long as that ground would not expand the relief granted.”); Datascope, 879 F.2d at 822 n. 1 (“Appel-lees always have the right to assert alternative grounds for affirming the judgment that are supported by the record.”); Bio- *1134 Rad Labs., Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed.Cir.1986) (“[A] court of appeals may affirm the judgment of a district court on any ground, including grounds not relied upon by the district court.”). Since validity was not considered on the appeal to this court, it may be considered in the remand proceeding.