NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BASR PARTNERSHIP AND WILLIAM F. PETTINATI, SR., TAX MATTERS PARTNER,**
*Plaintiffs-Appellees,*

**v.**

**UNITED STATES,**
*Defendant-Appellant.*

---

2014-5037

---

Appeal from the United States Court of Federal Claims in No. 1:10-cv-00244-SGB, Judge Susan G. Braden.

------------------------------------------------------------------

**BASR PARTNERSHIP AND WILLIAM F. PETTINATI, SR., TAX MATTERS PARTNER,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5040

---

Appeal from the United States Court of Federal Claims in No. 1:10-cv-00244-SGB, Judge Susan G. Braden.

———————————

## ON MOTION

———————————

Before PROST, O'MALLEY and TARANTO, *Circuit Judge.*

TARANTO, *Circuit Judge.*

## O R D E R

Before the court is the government's motion to dismiss a cross-appeal filed by BASR Partnership et al. ("BASR"). For the following reasons, we grant the motion.

In October 2000, the Internal Revenue Service ("IRS") received BASR's partnership tax returns for the tax periods ending June 12, 1999 and December 12, 1999. Following an audit of those returns, the IRS issued a Final Partnership Administrative Adjustment ("FPAA") in January 2010, requiring BASR to pay an additional $735,533 in taxes and penalties.

After paying the adjusted taxes, BASF filed the underlying complaint in the Court of Federal Claims seeking a refund, arguing that the FPAA was untimely under either 26 U.S.C. § 6229 or 26 U.S.C. § 6501. It won, and, in doing so, received a judgment that the FPAA was untimely under § 6501 and "there are no adjustments to partnership items on accuracy-related penalties for BASR Partnership's tax periods ended June 12, 1999, and December 22, 1999." The government has appealed, and so has BASF.

The rules concerning when to file a cross-appeal are relatively straightforward: "It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the

rights of its adversary under the judgment." *Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002). It is improper to file a cross-appeal to merely raise an alternative ground for affirming the judgment that is supported by the record. *See Jaffke v. Dunham*, 352 U.S. 280, 281 (1957).

BASF contends that it filed its cross-appeal to preserve its argument that § 6229 would also have precluded the IRS from assessing additional taxes. But, this is not a proper ground for a cross-appeal. The Court of Federal Claims' bottom line was that the FPAA adjusting BASF's taxes was improper as untimely and could not be enforced. Because this argument would merely provide an alternative ground to support that judgment, the cross-appeal must be dismissed. BASF, of course, may raise its argument in its response brief. *See, e.g., Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n.1 (Fed. Cir. 1989) (an appellee may assert alternative grounds for affirmance supported by the record).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. 2014-5040 is dismissed. The revised official caption in 2014-5037 is reflected above.

(2) Each side shall bear its own costs in 2014-5040.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19

ISSUED AS A MANDATE (as to 2014-5040 only):

April 16, 2014