**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

No. 11-30046

Lyle W. Cayce
Clerk

RONALD K. BAIN

Plaintiff - Appellant

v.

GEORGIA GULF CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
3:99-CV-392

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronald K. Bain testified at three depositions that he and other Georgia
Gulf Corporation ("Georgia Gulf") employees were reporting false readings on
environmental tests at the Georgia Gulf facility in Plaquemine, Louisiana.
Nearly one year after Bain's third deposition, he was terminated after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30046

threatening a co-worker. Bain sued Georgia Gulf under Louisiana Revised Statute 30:2027, the Louisiana Whistleblower Statute, for wrongful termination. Following a jury trial in which the jury found in favor of Bain, the district court granted Georgia Gulf's motion for judgment as a matter of law. Bain appeals and we AFFIRM.

## FACTS AND PROCEEDINGS

From 1982 until 1998, Bain was employed by Georgia Gulf in Plaquemine, Louisiana. In early 1995 Bain requested and was assigned to be a top deck operator. His job required him to work around reactors and perform various manual tasks as part of the process of producing Polyvinyl Chloride ("PVC"). PVC is produced in reactors which must be opened at times to visually inspect their interiors for potential problems or maintenance issues. Prior to the inspections, PVC in liquid form is recovered from the reactor, but some residual vinyl chloride vapor remains inside and escapes into the air when the reactor's lid is opened. The escaped residual vapor is referred to as Reactor Open Loss.

Because vinyl chloride vapor is toxic and carcinogenic it is subject to regulations under the National Environmental Standards for Hazardous Air Pollutants (NESHAP). Both NESHAP and Louisiana's particular version of the standards, LESHAP, require specific monitoring procedures for emissions of vinyl chloride vapor when opening the reactor's lid, including the submission of quarterly reports. To monitor and report Reactor Open Loss, Georgia Gulf employs "top deck operators," such as Bain, who use a threshold level value meter to obtain air samples at the top, middle, and bottom of the reactor. These readings are logged and sent to the senior production manager who summarizes the data for Georgia Gulf's environmental department. The environmental department uses the data to prepare reports for the Louisiana Department of Environmental Quality.

2

No. 11-30046

In September 1996, January 1997, and May 1997, Bain was deposed for a separate legal proceeding involving Georgia Gulf. During the depositions, he testified that he and other top deck operators were not reporting the actual Reactor Open Loss readings during their tests, but were instead reporting "false zeros." Georgia Gulf investigated and determined that many top deck operators were reporting false zeros and sought to clarify and emphasize its policy that top deck operators were to report the actual readings from the tests.

Georgia Gulf's employee policy guide included a Corrective Action Program. The program comprised five steps of disciplinary action to address and remedy employee disciplinary issues. Once an employee reached the fourth disciplinary step, he would be terminated for any further infractions. In March 1995, after Bain committed an error which caused a release of vinyl chloride vapor, he was assigned the third step of the program as discipline.

On July 1, 1997, Bain reached the fourth step of the program because he was sleeping on the job. He was required to take two days off and return to work with a written action plan to address his sleeping and his job performance deficiencies. In his written action plan, Bain indicated that personal problems away from work were causing the work-related problems. He further indicated he was dealing with the stress of marital problems and medical problems with one of his children. In April 1998, Bain threatened one of his co-workers with physical harm for allegedly taking photographs from his work bag. Bain was reprimanded for the threat and terminated from Georgia Gulf on May 4, 1998.

Nearly one year later, in April 1999, Bain filed suit against Georgia Gulf, alleging violations of the Louisiana Whistleblower Statute. He claimed he was terminated because he had reported environmental violations committed by Georgia Gulf during his depositions in 1996 and 1997. Following a jury trial in which the jury found in favor of Bain, Georgia Gulf filed a motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The

3

No. 11-30046

district court found that Bain's deliberate violation of the environmental regulations by reporting false zeros against the policy of Georgia Gulf barred his recovery under the Louisiana Whistleblower Statute's "clean hands" defense, La. R.S. 30:2027(C), and granted Georgia Gulf's motion.  Bain timely appealed.

## STANDARD OF REVIEW

> We review the district court's Rule 50 judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. Federal Rule of Civil Procedure 50(a) authorizes the entry of judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  In our review here we ask whether there is "a conflict in substantial evidence on each essential element" of [Bain's] claim against [Georgia Gulf] such that a reasonable jury could find in [his] favor.

*James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (internal citations omitted) (first alteration in original).  The standard for granting both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law is the same.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## DISCUSSION

We may affirm a district court's judgment on any ground raised before the district court and supported by the record.  *See Montoya v. Fedex Ground Package Sys.*, 614 F.3d 145, 148-49 (5th Cir. 2010); *see also Jaffke v. Dunham*, 352 U.S. 280, 281 (1957) (per curiam) ("A successful party in the District Court may sustain its judgment on any ground that finds support in the record.").  In its briefing, Georgia Gulf identifies multiple grounds on which this court may affirm the district court's ruling, including Bain's failure to prove that Georgia Gulf retaliated against him.

Georgia Gulf argues that Bain cannot make a prima facie showing of retaliation because he cannot show there was a causal connection between his testimony at the deposition and his ultimate termination because the individual

No. 11-30046

who terminated Bain, Roger Massey, made his decision without the knowledge of Bain's protected deposition testimony.  Bain fails to reply to this argument on appeal and did not refute Massey's testimony at trial.

> In order for a plaintiff to establish a *prima facie* case of retaliation under [La. R.S. 30:2027], he must show: (1) that he engaged in activity protected by the statute; (2) he suffered an adverse employment action; and (3) a causal connection existed between the protected activity in which he engaged and the adverse action.

*Stone v. Entergy Services, Inc.*, 9 So. 3d 193, 198 (La. App. 4 Cir. 2/4/09).  Bain's retaliation claim fails, however, because he cannot show a vital prerequisite: that the decisionmaker, Massey, knew of his protected activity.

> [I]n order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity.  . . .  If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.

*Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (internal citations and quotation marks omitted).

Roger Massey testified at trial that he was the decisionmaker who chose to terminate Bain.  Massey's employment at Georgia Gulf began in September 1997 at which time Bain was already in Step 4 of Georgia Gulf's 5-step disciplinary process.  Massey testified that he did not know of Bain's deposition testimony regarding the false zero readings at the time he decided to terminate Bain for threatening a co-worker. Bain has not presented any evidence that Massey knew of the protected deposition testimony at the time Massey decided to terminate Bain.

> The party opposing [judgment as a matter of law] must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . the opposing party may not merely recite the incantation,

No. 11-30046

"Credibility," and have a trial on the hope that a jury may disbelieve
factually uncontested proof.

*Curl v. Int'l Bus. Machs. Corp.*, 517 F.2d 212, 214 (5th Cir. 1975) (quoting *Rinieri v. Scanlon*, 254 F. Supp. 469, 474 (S.D.N.Y. 1966)); *see Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 258 (5th Cir. 2009) ("Lee offers only speculative inferences to support his assertion, which is insufficient to demonstrate the existence of a genuine issue of material fact."). Because Bain cannot prove the retaliation prong of his claim, he cannot establish a prima facie case and his retaliation claim must fail.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment as a matter of law.