# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50832
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2016

Lyle W. Cayce
Clerk

LOUIS V. DOSS, doing business as Mulligan's Pub; CAROLYN DOSS, Individually and doing business as Mulligan's Pub,

     Plaintiffs - Appellants

v.

SERGEANT MARTIN MORRIS; OFFICER HARRY HOLT,

     Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-116

---

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Pro se Plaintiffs–Appellants Louis V. Doss and Carolyn S. Doss filed the instant suit under 42 U.S.C. §§ 1981 and 1983, alleging that Defendants–Appellees Sergeant Martin Morris and Officer Harry Holt violated their substantive due process rights under the Fourteenth Amendment. Defendants moved for summary judgment on Plaintiffs' claims, raising the defense of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified immunity. A magistrate judge recommended that the motion for summary judgment be denied, but the district court vacated the memorandum and recommendation and granted Defendants' motion. Plaintiffs appeal. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiffs–Appellants Louis V. Doss and Carolyn S. Doss (Plaintiffs) filed suit against the City of Kerrville, Texas, and various Kerrville police officials on February 9, 2011, seeking damages pursuant to 42 U.S.C. §§ 1981 and 1983. In Plaintiffs' Third Amended Complaint, they alleged that Defendants–Appellants Sergeant Martin Morris and Officer Harry Holt (Defendants) deprived them of their liberty right to own and operate a lawful business, as well as their property right in their business, in violation of the Due Process Clause of the Fourteenth Amendment. In particular, Plaintiffs claimed that Defendants had conspired to shut down Plaintiffs' legal business, Mulligan's Pub, by harassing the business and its patrons.[1]

On November 30, 2012, Defendants moved for summary judgment. In their motion, Defendants raised the defense of qualified immunity and argued that Plaintiffs failed to show a conspiracy to harass Mulligan's Pub or that any alleged harassment had an effect on the establishment's revenue. In response, Plaintiffs argued that their liberty interest to run their business without law enforcement interference was clearly established by a previous Fifth Circuit case, *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697 (5th Cir. 1991) (per curiam), and disputed that the evidence did not support their claims.

---

[1] Plaintiffs also alleged in the complaint that the City of Kerrville had participated in the conspiracy and alleged Fourth and Fourteenth Amendment claims against Scott Helpenstell, an agent of the Texas Alcoholic Beverage Commission. The claim against the City has since been dismissed, and the claim against Helpenstell is not before this court on appeal.

No. 15-50832

On January 16, 2013, the magistrate judge recommended that Defendants' motion be denied because there was a factual issue of whether Defendants were harassing Mulligan's customers.  In addition, the magistrate judge concluded that *Kacal* clearly established Plaintiffs' liberty interest in operating a business free from government interference and their property interest in lost profits.  On May 15, 2013, the district court vacated the magistrate judge's report and recommendation and granted Defendants' motion for summary judgment.  The district court held that Plaintiffs could not succeed on their substantive due process claims under the Fourteenth Amendment and that Defendants were entitled to qualified immunity.  As to the deprivation of Plaintiffs' property interest, the court stated that Plaintiffs never pleaded a property interest in lost profits and that such an interest was not clearly established in any event.  With respect to Plaintiffs' liberty interest in operating their business, the district court held that Plaintiffs failed to show that they were effectively foreclosed from operating their business and therefore failed to show the violation of a constitutional right.  The district court subsequently granted Defendants' Rule 54(b) motion for final judgment.  Plaintiffs timely appealed, arguing that the district court erred in granting Defendants motion for summary judgment on qualified immunity grounds.[2]

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[2] On appeal, Plaintiffs also argue that they sufficiently demonstrated that Defendants conspired to shut down Mulligan's Pub.  Because the district court declined to rule on this issue and because we affirm on other grounds reached by the district court, we decline to address this argument.

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence will not preclude granting of a motion for summary judgment." *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 330 (5th Cir. 1994) (per curiam). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

## III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The district court did not err when it granted summary judgment to Defendants on qualified immunity grounds. "Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). "In resolving questions of qualified immunity at summary judgment, [we] engage in a two-pronged inquiry." *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam). Under this inquiry, "[t]he plaintiff has the burden of demonstrating that the defendant official is not entitled to qualified immunity." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). And courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

On the first prong, we "determine 'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'" *Mace*, 333 F.3d at 623 (quoting *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)). To satisfy the first

prong, a plaintiff must "allege 'the deprivation of an *actual* constitutional [or statutory] right.'" *Hampton v. Oktibbeha Cty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) (quoting *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002)). And on the second prong, we "consider whether the [officer]'s actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). To satisfy the second prong, a plaintiff must show that the "right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). Thus, the second prong "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

The district court did not err when it held that Defendants were entitled to qualified immunity on Plaintiffs' claim that Defendants deprived them of a property interest. As the district court correctly concluded, Plaintiffs failed to establish that Defendants violated a constitutionally protected property right. We have held that "[i]n order to establish either a substantive or a procedural due process violation by claiming denial of a property right, [a plaintiff] must first establish a denial of a constitutionally protected property right." *Bryan v. City of Madison*, 213 F.3d 267, 274 (5th Cir. 2000). But "[s]uch a showing . . . must be made by reference to state law." *Id.* at 275. And Plaintiffs failed to reference any state law basis for their property interest in either their complaint or in their response to Defendants' motion for summary judgment.

Instead, in their response to the motion, Plaintiffs asserted for the first time that they had a property interest in lost anticipated profits from their business as a result of government interference. As the district court correctly concluded, even if Plaintiffs' complaint had alleged such a constitutionally

protected property right, it was not clearly established. Pointing to the *Kacal* decision, Plaintiffs argue that the Fifth Circuit has recognized a constitutionally protected property right in lost profits. However, *Kacal* and a later Fifth Circuit case demonstrate that this right is not clearly established.

In *Kacal*, the plaintiff alleged that she had been deprived of her liberty interest in operating a business and of her property interest in profits when a city and its police officers harassed her business, which effectively forced the business to cease operations. *Kacal*, 928 F.2d at 699. The district court there found no constitutional deprivation, but this court reversed, finding that the plaintiff's "property interest in the profits of her business and her liberty interest in operating her business [rose] to the level of protectable interests." *Id.* at 704. However, in discussing the plaintiff's lost profits, this court also suggested that lost profits were not a separately protected property interest, but rather a measure of damages for the deprivation of a liberty interest. *See id.* ("[Plaintiff]'s property interest in her business is essentially her interest in the lost profits, which are sought merely as the measure of damages in this action."). Interpreting this statement, we later noted that "it is unclear in *Kacal* whether lost profits were considered a protected property interest or only a measure of damages." *Stidham v. Tex. Comm'n on Private Sec.*, 418 F.3d 486, 492 n.9 (5th Cir. 2005); *see id.* ("Nevertheless, we are persuaded, if not required, by *Kacal* to conclude that anticipated profits from this arrangement may be considered as a measure of damages from the deprivation of a liberty interest."). Given this lack of clarity, "existing precedent [has not] placed the . . . constitutional question" here "beyond debate," and Plaintiffs' property interest in their lost profits is not clearly established. *al–Kidd*, 563 U.S. at 741.

The district court also did not err when it held that Defendants were entitled to qualified immunity on Plaintiffs' claim that Defendants had

deprived them of a liberty interest in violation of the Due Process Clause. This court has previously recognized that there is a liberty interest in "operat[ing] a legitimate business, free from arbitrary deprivation by local police acting under the color of state law," under the Due Process Clause of the Fourteenth Amendment. *Kacal*, 928 F.2d at 702. However, government actions that cause "a brief interruption" of a person's occupational calling do not amount to a deprivation of this liberty interest in the same way as "a complete prohibition of the right to engage in a calling." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999). Similarly, in *Kacal* this court recognized that a plaintiff's liberty interest in operating a business was not violated where "the government had not significantly altered or deprived [a plaintiff] of his liberty interest in practicing [his profession] or his property interests in the profits therefrom." 928 F.3d at 703. However, the *Kacal* court held that the plaintiff there had sufficiently shown that the government had deprived her of this liberty interest because she adduced evidence "that the comprehensive, concerted actions of the police caused [plaintiff] to lose so much of her business that she had to close her doors and default on her lease." *Id.*

Taking the evidence on summary judgment in the light most favorable to Plaintiffs, Defendants' conduct did not deprive Plaintiffs of their liberty interest in operating their legal business. Although the district court held that Defendants did not violate Plaintiffs' due process rights because Plaintiffs were not effectively foreclosed from operating Mulligan's Pub, the evidence also failed to show that Plaintiffs' ability to operate their business was significantly altered or impaired.[3] In particular, since the beginning of the alleged

---

[3] The district court read *Conn* and the Ninth Circuit's decision in *Dittman v. California*, 191 F.3d 1020 (9th Cir. 1999), as suggesting that only a complete prohibition on the right to conduct a business can sustain a substantive due process claim for violations of occupational liberty. Because the evidence on summary judgment showed that Plaintiffs failed to allege a significant alteration of their liberty interest like the plaintiff in *Kacal*, we

No. 15-50832

harassment by Defendants, Plaintiffs had periods where sales from their business increased and continued to run a profitable and operating business. Accordingly, on summary judgment, Plaintiffs failed to show that Defendants violated the Due Process Clause by depriving them of a liberty interest in operating their business.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

need not determine whether a complete prohibition is required to make out such a substantive due process claim. *See Bain v. Ga. Gulf Corp.*, 462 F. App'x 431, 433 (5th Cir. 2012) (per curiam) (unpublished) ("We may affirm a district court's judgment on any ground raised before the district court and supported by the record.").