NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-2883, 17-2884, & 17-2992
_____

JASON COLE,
              Appellant in 17-2992

v.

RICK ENCAPERA; TERRY CHILDS;
JUSTIN SHULTZ; CASEY DURDINES;
BOROUGH OF CALIFORNIA; WALTER WELD, JR.

Terry Childs,
              Appellant in 17-2883

Justin Shultz,
              Appellant in 17-2884


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-15-cv-00104
District Judge: The Honorable Mark R. Hornak

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2018

Before: McKEE, VANASKIE, and SILER[*], *Circuit Judges*

(Filed: December 28, 2018)

_____

[*] Hon. Eugene E. Siler, Jr., United States Court of Appeals for the Sixth Circuit,
sitting by designation.

———————————

OPINION[**]

———————————

Siler, *Circuit Judge*

In this civil rights action, former California Borough (Pennsylvania) Police Department Officers Justin Shultz and Terry Childs challenge the district court's denial of qualified immunity for the claims brought by Jason Cole. Cole filed suit against the officers and others after the officers retaliated against his business.

For the following reasons, we reverse the district court's opinion with respect to Cole's Fourteenth Amendment claims against Shultz and Childs. However, we affirm the district court's opinion with respect to his First Amendment and civil conspiracy claims. Further, we decline to exercise jurisdiction over Cole's claims against the other defendants.

I.

Cole is the owner and operator of J. Cole's Inn, a bar located in California, Pennsylvania. Cole alleges that he and his business became the target of police harassment following a confrontation he had with officers of the California Borough Police Department.

———————————

[**] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cole submits that Shultz and Childs abused their power and exploited patrons and employees of J. Cole's Inn. Specifically, Cole points to several instances whereby Shultz and Childs pressured employees and patrons to engage in sexual relations with them while the officers were on duty. Cole claims on appeal that in October 2012, he voiced concerns about Shultz's and Childs's conduct to Police Chief Rick Encapera and to members of the California Borough Council. Cole states that he made several more unsuccessful appeals to the Borough, Encapera, and Mayor Casey Durdines through 2013 regarding the officers' inappropriate behavior.

Finally, Cole confronted Shultz and Childs and asked that they cease their harassing conduct. Cole maintains that, immediately following this confrontation, Shultz and Childs continued to harass patrons of J. Cole's Inn. Namely, the officers stationed their police cars in the alley across the street from the location, followed individuals who left the bar, took photographs of customers waiting to enter the premises, and used threatening and intimidating language in interactions with the bar's patrons. Cole further claims that his bar was suddenly and inexplicably subjected to an increased level of scrutiny from the Pennsylvania Bureau of Liquor Control Enforcement.

In June 2013, Cole attended a Borough Council meeting and complained about police misconduct. He claims that the Borough did little in response to his

complaints. Cole contends that J. Cole's Inn has suffered monetary and reputational damage because of Shultz's and Childs's conduct.

Cole filed suit, asserting Fourteenth Amendment, First Amendment, and 42 U.S.C. § 1983 civil conspiracy claims against Childs, Shultz, and others. The district court granted summary judgment in favor of the other defendants. However, the court denied motions by Shultz and Childs based on qualified immunity. This appeal by Shultz and Childs concerns qualified immunity. Cole cross-appeals the district court's grant of summary judgment to the other defendants.

## II.

We exercise plenary review of an order granting or denying summary judgment and apply the same standard as the district court. *Caprio v. Bell Atl. Sickness & Accident Plan,* 374 F.3d 217, 220 (3d Cir. 2004). We view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 535 (3d Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As an initial matter, our review in this case is limited to considering whether Shultz and Childs are entitled to qualified immunity. Indeed, we decline to exercise pendent jurisdiction over Cole's claims against the other defendants. *See Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014) ("Pendent appellate jurisdiction exists where an appealable issue is so 'inextricably intertwined' with a nonappealable issue that one cannot resolve the former without addressing the latter."). To be sure, the issues are entirely separate; our resolution of the qualified immunity defenses does not require us to consider any of Cole's claims against the other defendants.

Shultz and Childs maintain that they are entitled to qualified immunity with respect to Cole's Fourteenth Amendment substantive due process claim, Fourteenth Amendment equal protection claim, First Amendment retaliation claim, and 42 U.S.C. § 1983 civil conspiracy claim. Government officials are entitled to qualified immunity for their actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

To determine whether qualified immunity shields a government official's action from § 1983 liability, courts apply a two-step test and inquire (1) whether the facts alleged by the plaintiff establish a violation of a constitutional right and

(2) whether the constitutional right at issue was clearly established at the time of the alleged violation such that a reasonable official would understand that what he is doing violates that right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Although courts performing a qualified immunity analysis should analyze the specific conduct of each defendant separately, *see Grant v. City of Pittsburgh*, 98 F.3d 116, 118 (3d Cir. 1996), because Cole has alleged that Shultz and Childs acted in concert, the court may consider the officers' actions together.

A.

To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is (1) protected by the due process clause and (2) the government's deprivation of that protected interest shocks the conscience. *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

The district court described the rights at issue as Cole's liberty and property rights "to hold specific private employment and to pursue a calling or occupation free from unreasonable government interference and his property right of the use and enjoyment of his property to operate J. Cole's Inn." Upon review, the district court found that the evidence was sufficient such that a jury could find that Childs's actions shocked the conscience.

However, even if we assume that Cole has established a Fourteenth Amendment due process violation—which is not readily apparent—Shultz and

6

Childs are entitled to qualified immunity on these facts because their conduct does not violate Cole's clearly established constitutional rights.

"To be clearly established, the very action in question need not have previously been held unlawful." *Dougherty v. Sch. Dist.*, 772 F.3d 979, 993 (3d Cir. 2014) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Moreover, the Supreme Court has provided lower courts with the guiding premise that "a legal principle must have a sufficiently clear foundation in then-existing precedent." *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018). The rule must be "settled law," which means it is dictated by "controlling authority" or "a robust consensus of cases of persuasive authority." *Id.* at 589–90 (internal quotation marks omitted). "It is not enough that the rule is suggested by then-existing precedent." *Id.* at 590. "The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." *Kisela v. Hughes*, 138 S. Ct. 1148, 1151 (2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

Cole cites *Thomas v. Independence Township*, as demonstrating that his due process rights were clearly established. 463 F.3d 285 (3d Cir. 2006). In *Thomas,* the Third Circuit addressed the assertion of qualified immunity in a motion to dismiss, holding that a plaintiff's ability to succeed on such a due process claim

7

depends on whether he can show that the alleged harassment removed or significantly altered the plaintiff's liberty and property interests in his business. *Id.* at 297. However, the court did not affirmatively address the extent to which a business must suffer reputational and fiscal harm before a plaintiff's liberty and property interest in his business becomes "significantly altered."

Although *Thomas* appears applicable at first glance, on closer review, it merely stands for the proposition that Cole has adequately pled a Fourteenth Amendment due process claim. By no means did *Thomas* "place[] the . . . constitutional question" here "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It simply cannot be said that Third Circuit precedent sufficiently establishes the legal principle Cole advances such that "every reasonable official would interpret it to establish the particular rule [Cole] seeks to apply." *Wesby*, 138 S. Ct. at 590. Furthermore, Supreme Court case law appears to diverge from Cole's position. *See Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (noting that government actions that cause "a brief interruption" of a person's occupational calling do not amount to a deprivation of this liberty interest in the same way as "a complete prohibition of the right to engage in a calling").

Because no Supreme Court or Third Circuit precedent clearly establishes the right at issue, we look to other circuits for a consensus. *Kedra v. Schroeter*, 876 F.3d 424, 449–50 (3d Cir. 2017). Childs and Shultz point to Fifth Circuit

8

precedent that contradicts Cole's position that his rights were clearly established. *See Doss v. Morris*, 642 F. App'x 443, 447 (5th Cir. 2016) (holding that a bar owner's property interest in lost profits was not clearly established and that "a brief interruption" of a person's occupational calling was not a cognizable deprivation of his liberty interest). *Doss* therefore adds support for the conclusion there is no "robust consensus of cases" that clearly establishes Cole's due process rights at issue. *Wesby*, 138 S. Ct. at 591.

We thus reverse the district court's denial of summary judgment to the officers and hold that Shultz and Childs are entitled to qualified immunity on Cole's Fourteenth Amendment due process claim.

B.

The district court also denied Shultz and Childs qualified immunity with respect to Cole's Fourteenth Amendment equal protection claim. The court principally relied on Cole's contentions that the officers unnecessarily singled out and surveilled J. Cole's Inn and harassed and threatened patrons.

Cole does not seek protection as a member of a protected class. Therefore, in order to establish an equal protection violation, he must satisfy the elements of the "class-of-one" theory: (1) the defendants treated him differently from others similarly situated; (2) the defendants did so intentionally; and (3) there was no rational basis for the difference in treatment. *Phillips v. Cty. of Allegheny*, 515

9

F.3d 224, 243 (3d Cir. 2008) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

To establish that entities were similarly situated for purposes of an equal protection claim, they must be "alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted). Because there is no evidence that any of the other bars in the Borough were similarly situated to J. Cole's Inn, we reverse the district court's denial of qualified immunity for Shultz and Childs on Cole's equal protection claim.

## C.

Finally, with regard to Cole's First Amendment claim, he has the burden to put forward evidence to show "(1) that he engaged in constitutionally protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (quoting *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cr. 2004)).

On this claim, Cole can easily make out a violation of his First Amendment rights. First, he exercised his First Amendment rights to free speech and to petition the government for a redress of grievances. *See City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").

As to the second element of Cole's retaliation claim, the parties dispute whether there was a retaliatory act "sufficient to deter a person of ordinary firmness." *Thomas*, 463 F.3d at 296. However, evidence suggests that Shultz and Childs engaged in retaliation following Cole's February 2013 complaints by stationing cars outside of the bar, following patrons who left the bar, taking photographs of customers as they waited in line, and using threatening or intimidating language to customers as they entered the bar. Viewing the facts in a light most favorable to Cole, the district court correctly found that a person of ordinary fitness would be deterred from exercising his First Amendment rights following the officers' respective actions.

Additionally, the record establishes that, following Cole's complaint, officers maintained a constant presence outside of Cole's bar. The standard is "but-for" causation. *See Mirabella*, 853 F.3d at 652. As just mentioned, Cole has presented evidence that, after he lodged complaints concerning the officers' actions, his business faced targeted actions by those officers.

Still, we must ask whether Cole's rights were clearly established. In this inquiry, we may not "define clearly established law at a high level of generality." *Id.* at 653 (quoting *al-Kidd*, 563 U.S. at 742). "More specifically, the Supreme Court has given us guidance on defining a right in the First Amendment retaliation context." *Id.* "In *Reichle v. Howards*, the Supreme Court clarified that it is too

11

broad to define the right as the 'right to be free from retaliation for one's speech.'" *Id.* (quoting *Reichle v. Howards*, 566 U.S. 658, 665 (2012)).

Thus, we must more exhaustively consider what Cole alleges. Here, Cole may appropriately be viewed as having the right to be free from police retaliation directed toward his business because he complained about the officers' conduct. In *Thomas*, we found such allegations sufficient to state a claim. 463 F.3d at 296. And, unlike in the due process context discussed above, the discussion in *Thomas* placed officers like Schultz and Childs on notice of what actions would constitute a First Amendment violation. *See id.* at 290, 296. For this reason, the district court correctly denied the officers qualified immunity on Cole's First Amendment claim. *See Hope v. Pelzer*, 537 U.S. 730, 741 (2002).

Additionally, by presenting evidence that his rights under the First Amendment were violated and that Shultz and Childs acted in concert, Cole has presented sufficient evidence to defeat summary judgment on his civil conspiracy claim. *See Startzell*, 533 F.3d at 205 ("To constitute a conspiracy, there must be a 'meeting of the minds.'").

IV.

Because the district court erred by refusing to grant Schultz and Childs qualified immunity on Cole's Fourteenth Amendment claims, we will **reverse** with respect to those claims. However, because Cole has presented sufficient evidence

of the violation of his First Amendment rights, we **affirm** the district court's refusal to grant summary judgment on Cole's First Amendment and civil conspiracy claims. We also decline to exercise pendent jurisdiction over the remaining claims.